## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

MICAH A. SPENCE                                                                    PLAINTIFF

v.                                          No. 4:14CV00167-BRW

BILLY LOVE, RN, UAMS, *et al.*                                                     DEFENDANT

## ORDER

Pending is Defendants' Motion for Summary Judgment (Doc. No. 53).  Plaintiff has responded

and Defendants have replied.[1]  Based on the findings of fact and conclusions of law below, the motion

is GRANTED.

## I.      BACKGROUND[2]

After telling a police officer that he was being chased by gang members who wanted to kill him,

and admitting a history of paranoia schizophrenia, Plaintiff checked himself into UAMS's psychiatric

unit.[3]

A little before 6:00 p.m. the next day,[4] Plaintiff got sideways with Defendant Billy Love, a

nurse, after Plaintiff called another nurse a bitch.  In response to Love yelling at him, Plaintiff yelled

back mockingly.[5]  In response Love allegedly said, "I will be back with something for your ass."  Love

returned with several UAMS police officers and several medical personnel, including Dr. Yarberry,

---

[1]Doc. Nos. 59, 62.

[2]Unless otherwise noted, the Background is from Plaintiff's Statement of Undisputed Material Facts. (Doc. No. 60).

[3]Doc. No. 61-1.

[4]Doc. No. 53-4.

[5]Plaintiff admitted that he was mocking Love by raising his voice.

who was in charge of the unit at the time.  Dr. Yarberry stated that Love informed her that Plaintiff needed a shot to help him calm down.  Plaintiff explained what had happened with Love and pointed out to Dr. Yarberry that he was calm.  She agreed that Plaintiff did not need a shot at that time, but told him she would not leave him leave yet because he was a possible threat to himself[6] or the community.  Plaintiff agreed, and said he would spend the rest of the night in his room to avoid any more issues.  Everyone left the area and Plaintiff returned to his room, but not before again calling the female nurse a bitch.

Ten minutes later, Plaintiff was in the bathroom in his room, when Love asked Plaintiff to come out to take a shot that had been approved.[7]  Plaintiff said he wanted to leave, but was reminded that Dr. Yarberry said he could not leave.  Plaintiff again said that he did not want the shot, but eventually laid on the bed and calmly pulled his pants down as instructed.  Several medical personnel and UAMS police officers were in the room around the bed.  When the nurse attempted to give Plaintiff the shot, he grabbed the nurse's arm.  Officers pounced on Plaintiff and put him in a choke-hold to get him to release the nurse's arm.  Eventually Plaintiff let go of the nurse's arm, and the officer released the choke-holed.  However, officers continued to hold Plaintiff down because he continued to struggle with them.  Eventually the officers lifted plaintiff to carry him to a different room, but the struggle continued.  Plaintiff alleges that, at that point he was slammed to the floor, placed in handcuffs, placed in a choke-hold, and given a second shot.  (However, Plaintiff's statement of undisputed material facts says he was

---

[6]Plaintiff had been admitted the night before with suicidal ideations and a history of paranoid schizophrenia.  Doc. No. 53-1.

[7]Dr. Yarberry submitted an affidavit stating that she ordered a shot at 5:55 p.m. and 6:30 p.m. the night of the incident.  Doc. No. 53-8.

given a second shot after being placed on the bed in his room).[8]  Plaintiff then passed out.  The next day

he was discharged from the hospital.

Several months later, Plaintiff was criminally charged from the altercation at the hospital, and

was in custody for 15 months.  He was released and the charges *nolle prossed* because of speedy-trial

issues.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[9]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for
> a trial -- whether, in other words, there are any genuine factual issues that properly can be
> resolved only by a finder of fact because they may reasonably be resolved in favor of either
> party.[10]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme

remedy that should be granted only when the movant has established a right to the judgment beyond

controversy.[11]  Nevertheless, summary judgment promotes judicial economy by preventing trial when

no genuine issue of fact remains.[12]  A court must view the facts in the light most favorable to the party

---

[8]This is the second shot ordered by Dr. Yarberry.

[9]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[10]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[11]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[12]*Id.* at 728.

opposing the motion.[13]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[14]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[15]

## III.   DISCUSSION

Plaintiff brings claims, under § 1983 for unlawful detention, excessive force, and civil conspiracy.  But the facts viewed in a light most favorable to Plaintiff do not support a violation of his constitutional rights.  Though Plaintiff voluntarily committed himself to the hospital, it is undisputed that when Plaintiff asked to leave, the treating doctor asked him to stay because he might be a threat to himself or others, and Plaintiff agreed.  Even if Plaintiff eventually changed his mind and wanted to leave, Defendants had the right to detain Plaintiff when he proved what they already believed – that he was at risk to harm himself or others in the community.

The Eighth Amendment does not apply in this case because "an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment

---

[13]*Id.* at 727-28.

[14]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[15]*Anderson*, 477 U.S. at 248.

following conviction . . . ."[16]  Rather, Plaintiff's claims must be assessed under the Fourteenth Amendment.

Plaintiff asserts that his constitutional rights were violated when he was forced to involuntarily take medications without due process of law.  "Under the Due Process Clause of the Fourteenth Amendment, there is no doubt that [Plaintiff] 'possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs.'"[17]  To succeed on this claim, Plaintiff "must generally show the defendant acted with deliberate indifference to a constitutional right in a manner that shocks the conscience."[18]  "Where the defendant did not have time for actual deliberation before committing the wrongful act, however, the plaintiff must show the defendant acted with a degree of fault evincing malice or sadistic behavior."[19]  Plaintiff cannot meet his burden on either standard.

When the nurse attempted to give Plaintiff a shot – and, from the video of the event, he appeared to be cooperating – he suddenly grabbed her arm and refused to let go until after he was put in a choke-hold and restrained.  Additionally (though Plaintiff denies it) the video clearly shows Plaintiff wrapping his legs around the nurse who was attempting to administer the shot and pulling her toward him while gripping her arm.  Eventually, Defendants restrained Plaintiff and gave him the shot while he resisted.  Plaintiff argues that this was in violation of his constitutional rights, but the video reveals that Defendants' actions were all in response to Plaintiff's attack on the nurse and his continued struggles.

---

[16]*Revels v. Vincenz*, 382 F.3d 870, 874 (8th Cir. 2004).

[17]*Morgan v. Rabun*, 128 F.3d 694, 696 (8th Cir. 1997) (quoting *Washington v. Harper*, 494 U.S. 210, 221-222 (1990)).

[18]*Revels*, 382 F.3d at 875.

[19]*Id.* at 875-76.

"It is clear that a voluntary patient in a mental hospital who presents a danger to himself or others has no constitutional right to refuse medication."[20]  It is also clear from the video and undisputed material facts that Plaintiff posed a threat to others, and, based on his admitted suicidal ideations, possibly himself. Defendants' actions did not rise to the level of a constitutional violation.  In fact, it appears that Plaintiff was subjected to the least force necessary under the circumstances.

Plaintiff also alleges that Defendants knowingly gave false testimony about the incident which resulted in charges being filed and him being arrested.  Essentially, this is a civil conspiracy claim. However, Plaintiff provided no evidence regarding his allegations that the parties conspired, that they lied, or even what they lied about.  The affidavits and incident reports are consistent with the video. Plaintiff's conclusory allegations to the contrary are insufficient at this stage.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion for Summary Judgment (Doc. No. 53) is GRANTED.  This case is dismissed with prejudice.

IT IS SO ORDERED this 30th day of October, 2015.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[20]*Weiss v. Missouri Dep't of Mental Health*, 587 F. Supp. 1157, 1161 (E.D. Mo. 1984) (citing cases).